IN THE CIRCUIT COURT FOR
PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| Cesar Day<br>14932 Nighthawk Lane<br>Bowie, MD 20716<br><br>          Plaintiff<br><br>v.<br><br>DB Capital Group, LLC<br>8237 Stoddard Drive<br>Manassas, VA 20110-8309<br><br>SERVE:   David A. Murrell<br>          Registered Agent<br>          1403 Homeric Court<br>          McLean, VA 22101-5611<br><br>David Alan Murrell<br>1403 Homeric Court<br>McLean, VA 22101-5611<br><br><br>Millennium Bank, NA<br>21430 Cedar Drive, Suite 100<br>Sterling, VA 20164<br><br>SERVE:  John F. Novak (President)<br>         4709 Arsenal Rd., Unit 37<br>         Ellicott City, MD 21042<br><br>Millennium Bankshares Corporation<br>21430 Cedar Drive, Suite 100<br>Sterling, VA 20164<br><br>SERVE:  John F. Novak (President)<br>         4709 Arsenal Rd., Unit 37<br>         Ellicott City, MD 21042<br><br>Realty Title of Tysons, Inc.<br>2095 Chain Bridge Rd., Suite 110<br>Vienna, VA 22182<br><br>SERVE: David Michalski | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. *CAL 10-13006* |

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

Registered Agent )
7611 Little River Turnpike, Suite 101 W )
Annandale, VA 22003 )
)
Wachovia Bank, NA )
420 Montgomery Street )
San Francisco, California 94104 )
)
SERVE: Corporation Servicing Company )
   Resident Agent )
   11 South 12th Street )
   Richmond, Virginia 23219 )
)
Wells Fargo & Company, NA )
420 Montgomery Street )
San Francisco, California 94104 )
)
SERVE: Corporation Servicing Company )
   Resident Agent )
   11 South 12th Street )
   Richmond, Virginia 23219 )
)
Brian Pettiford )
2929 Galeshead Drive )
Upper Marlboro, MD 20774-8054 )
)
Integrity Financial, Inc. )
9507 Waltham Wood Road )
Baltimore, MD 21234 )
)
SERVE:  Angelarose Dunn )
   Resident Agent )
   9507 Waltham Wood Road )
   Baltimore, MD 21234 )
)
Tracey L. Spain )
8055 Wolsey Court, # 166 )
Pasadena, MD 21122-6459 )
)
Ralph D. Spain, Sr. )
6804 Huntington Drive )
Gwynn Oak, MD 21207-6413 )
)

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

**Russell V. Pettiford**      )
**3934 Southern Cross Dr., Apt. D**   )
**Pikesville, MD 21207-6431**    )
              )
   **Defendants.**      )

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this action because, pursuant to Maryland Code Section 6-103, defendants caused tortious injury in the State by acts or omissions outside the State and Defendants regularly conduct or solicit business, engage in any other persistent courses of conduct in the State or derive substantial revenue from services used in the State. In addition, Defendants have an interest in and possess real property in the State of Maryland.

2.  Venue is proper in Prince George's County because, under Maryland Code Section 6-202(7), a portion of the land upon which this action is based is located in this County.

3.  At all times relevant hereto, Defendant, DB Capital Group, LLC ("DB Capital"), was a Virginia corporation conducting business in Maryland and the District of Columbia with their principal place of business located at 8237 Stoddard Drive, Manassas, Virginia.

4.  At all times relevant hereto, Defendant, David Allan Murrell ("Murrell"), was a resident of the Commonwealth of Virginia and was a member/manager of DB Capital.

5.  At all times relevant hereto, Defendants, Millennium Bank, NA ("Millennium Bank") and Millennium Bankshares Corporation ("Millennium Bankshares") (collectively referred to herein as "Millennium") were nationally chartered depository banking institutions with their principal place of business in the Commonwealth of Virginia. At all times relevant hereto, Millennium employed and was responsible for the actions and/or omissions of Defendant,

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
1301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

Brian Pettiford, who worked out of its 8221 Leesburg Pike, Suite 500, Vienna, Virginia location.

6.      At all times relevant hereto, Defendant, Realty Title of Tysons, Inc., d/b/a RTS of Tysons, Inc. ("RTS"), was a Virginia corporation conducting real estate settlement services and issuing title insurance for transactions involving properties in Maryland and the District of Columbia.

7.      At all times relevant hereto, Defendants, Wachovia Bank, NA ("Wachovia Bank") and Wells Fargo & Company, NA ("Wells Fargo") (collectively referred to herein as "Wachovia"), were nationally chartered depository banking institutions.  Upon information and belief, Wells Fargo has purchased and is the successor entity to Wachovia Bank and is responsible for all of its liabilities and acts and/or omissions of its agents, servants and/or employees.  Upon information and belief, Wachovia's principal place of business is in the State of California.  At all times relevant hereto, Wachovia employed and was responsible for the actions and/or omissions of Defendant, Murrell, who worked out of its 6844 Old Dominion Drive, McLean, Virginia branch.

8.      At all times relevant hereto, Brian Pettiford was a resident of the State of Maryland and was a member/manager of DB Capital.

9.      At all times relevant hereto, Defendant, Integrity Financial, Inc. ("Integrity"), was a Maryland corporation engaged in the business of brokering loans for real estate transactions in Maryland and the District of Columbia.

10.     At all times relevant hereto, Defendant, Tracey L. Spain ("Tracey Spain" or "Ms. Spain"), was a resident of the State of Maryland.

11.     At all times relevant hereto, Defendant, Ralph D. Spain, Sr. ("Ralph Spain" or

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
1301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

"Mr. Spain"), was a resident of the State of Maryland.

12.    At all times relevant hereto, Defendant, Russell Pettiford, was a resident of the State of Maryland.

## Factual Background

13.    This case arises out of a foreclosure rescue scam designed by Defendants, Brian Pettiford, David Murrell and DB Capital Group, and which they labeled "Foreclosure Reversal Program".  The scam was carried out through the cooperation and use of the other named Defendants to this action, and was intended to take advantage of individuals who were in, or at risk of, foreclosure, or were having difficulty making their monthly mortgage payments.  The goal of Defendants' common scheme was to unlawfully and through purposeful misrepresentation and false promises, induce victims into transferring title to their properties so that they could take possession of, and use for their unlawful gain, the significant equity found within such properties.  All of the Defendants were improperly, unfairly and illegally enriched by their knowing participation in a common enterprise which illegally took advantage of homeowners, including Plaintiff, Cesar Day, who were in, or at risk of, foreclosure.  The "Foreclosure Reversal Program" was an illegal enterprise which was made up of an association in fact consisting of the named Defendants to this action, each knowingly playing an integral part in the success of the enterprise.

14.    Upon information and belief, Defendants, Brian Pettiford and David Murrell, were principals or members of Defendant, DB Capital.  That entity provided or procured capital and straw purchasers for use in real estate transactions the sole purpose of which was to illegally and unlawfully take possession of the equity within the properties owned by their victims.

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

15.     Defendants, Brian Pettiford and David Murrell, through the use of DB Capital, and the services of the other named Defendants, devised a sham product they entitled "Foreclosure Reversal Program", the purported purpose of which was to assist property owners in, or at risk of, foreclosure by finding a "credit investor" to conditionally purchase the property and pay off the existing loans/liens encumbering the same.  DB Capital would secure a mortgage through a broker on behalf of, and in the name of the credit investor, and close the transaction through a title company, both chosen by and working with DB Capital and Defendants, Brian Pettiford and David Murrell.

16.     Some of the credit investors would be recruited by Defendant, Brian Pettiford, from individuals who would contact him for the purpose of acquiring a loan or refinancing from Defendant, Millennium.

17.     Other credit investors were recruited by Defendant, David Murrell, in his position with Defendant, Wachovia, from the depositors or other customers of that institution.

18.     Both Defendants, Brian Pettiford and David Murrell would identify potential credit investors with good credit to act as straw purchasers for the purpose of acquiring property from owners, such as Plaintiff, with significant equity.  The credit investors were told that their homes and credit would be used to purchase such property for which they would receive a fee.  The property would then be sold back to the original owner within one year, at which time the credit investors' mortgage obligation would be released.  The credit investors would never actually reside in, collect rent or exercise any ownership, control or responsibility over the properties at issue, nor would they pay any costs or mortgage payments associated with the same.

19.     The property owner would be promised that DB Capital would work with them

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

and assist them to "resolve their credit issues" such that they could qualify for a loan and repurchase their property within one year.

20.    The property owner would also be allowed to remain as a tenant on the property for the duration of the Foreclosure Reversal Program (typically one year) and pay rent directly to DB Capital.

21.    In the course of such transaction, the property owner would be presented with and asked to sign various documents including the following:

- DB Capital Group Lease/Purchase: outlining the terms, including monthly rental payments due, and the terms of the leaseback of the property to the owners after transfer of title.

- Residential Real Estate Contract By Owner: a contract for the sale of the property drafted by, or for, DB Capital which contained a Contract Addendum allowing the owner to repurchase the property within one year at a set price.

- Authorization: signed by the property owner describing the transaction as a "Reverse Mortgage" and providing a specific date by which the owner must repurchase the property.  This document also authorized DB Capital to pay the "forthcoming mortgage" and for Defendant, RTS, to conduct the real estate closing and disburse funds to DB Capital which would otherwise be due to the property owner/seller.

- DB Capital Addendum to Contract, Heirs Assignment: acknowledging that the property owner was entering into a "Foreclosure Reversal Program" which used their "equity and current market appraisal" to save their home from foreclosure by

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

using "credit investor assigned [to them] by DB Capital Group, Inc. for a period of 12-14 months". This document also promised that, at the end of 12 months, the prior owner would be "added back onto the Deed from sale of property" so that they could "repurchase the house completely back into a sole ownership". This document specifically indicated that the owner/seller would only be taken off of the Deed for the "duration of the Foreclosure Reversal Program".

- DB Capital Group, Inc Reversal Program/Addendum to Contract to Sell Real Estate: outlining the length of time the property would be transferred to an investor and requiring the owner/seller to use DB Capital for the re-finance of the property at the end of the Foreclosure Reversal Program term. This document also required the owner to pay all applicable broker, closing and other fees when the property is repurchased as well as "investor fees", "legal fees", and the "usury rate of return on investment", all of which would be deducted from the equity in the property otherwise due to the owner/seller.

- DB Capital/Reversal Contract: outlining the identity of the "credit investor" under who's name the property would be purchased and the sale price used for such purchase. This document also required the owner of the property to "resolve and pay off any negative credit" through the use of a credit counselor referred by DB Capital Group. It also required the owner to use DB Capital Group to secure re-financing to repurchase the property and stipulated that, if such refinancing was not secured, or the property not repurchased, within one year (with a 60 day courtesy extension) the contract would be null and void and the investor would

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

8

take possession of the property.

22.    In reality, the purpose and effect of the DB Capital Foreclosure Reversal Program was to identify and induce property owners, in foreclosure or at risk of foreclosure, to transfer title to their homes and investment properties for the sole purpose of acquiring, and using for their own unlawful gain, the significant equity in such properties.

23.    Defendants, Brian Pettiford, David Murrell, and likely others who's identities are not yet known, attracted potential victims through the use of an entity they formed, Defendant, DB Capital.  This entity advertised by use of various media including public radio airwaves broadcast into the District of Columbia, Virginia and Maryland.  Such advertisements fraudulently represented that it could assist individuals in foreclosure, or who were having difficulty making mortgage payments, acquire financing and save their homes.

24.    Defendant, Brian Pettiford, also utilized his position as Vice President of Retail/Wholesale Lending at Defendant, Millennium, to find property owners in need of financial assistance or at risk of foreclosure whom he would counsel to enter the DB Capital Foreclosure Reversal Program as an alternative for individuals with bad credit.

25.    Upon information and belief, Defendant, Brian Pettiford, would also use his position at Millennium to identify customers with good credit who could be used as "credit investors" (straw purchasers) in the Foreclosure Reversal Program scheme.  These individuals would include potential Millennium customers seeking to acquire a loan, refinancing or credit line and who would instead be steered by Defendant, Brian Pettiford, to participate in the Foreclosure Reversal Program for a fee.

26.    Similarly Defendant, Murrell, would identify customers of Wachovia to

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
1301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

participate in the DB Capital Foreclosure Reversal Program either as straw purchasers or as property owners in, or at risk of, foreclosure.

27.     Once such a property owner was identified Defendants, Brian Pettiford, Murrell and DB Capital, would induce him/her into transferring the property or properties at issue to a credit investor with the promise that they would be able to repurchase the property in approximately one year's time and save their home.  Defendants further promised that they would assist the property owner in repairing his/her credit and in acquiring financing to allow them to repurchase the property within one year.

28.     Defendants, Brian Pettiford, Murrell and DB Capital, made such promises notwithstanding the fact that they were fully aware that the property owners would almost certainly not be able to qualify for a loan to repurchase the property in a year as a result of their history of foreclosure and bad credit.  Moreover Defendants, Brian Pettiford, Murrell and DB Capital, were also fully aware that, even if the property owners could acquire a loan to repurchase their properties within a year, it would be at an interest rate that was likely to be significantly higher than their current loan, resulting in higher monthly mortgage payments than those they already could not afford.

29.     Defendants also structured the transaction so that the credit investor or buyer purchased the property for full or near full market value.  This was done so that all of the equity in the property could be taken out in the form of phantom sales proceeds due to the seller/property owner.  Such proceeds, however, did not go to the seller but rather was wired to a DB Capital bank account at Wachovia opened, and maintained, with the assistance of Defendant, Murrell, who worked at that institution.

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
I EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

30.     The seller/property owner would receive little or none of the sales proceeds due to him/her as a result of the transaction.

31.     The seller/owner would typically be allowed to remain on the property as a tenant paying monthly rent, with the understanding that DB Capital would pay the monthly mortgage payments with the seller's proceeds (instead of the new title owner/credit investor) until such time as the original owner repurchased the property.

32.     Instead, Defendants, Pettiford, Murrell and DB Capital, would make mortgage payments for only a short period of time, if at all, and allow the property to go into foreclosure. Because the Mortgage was typically in the credit investor's name, the foreclosure action was initialed against that individual(s) who would also be solely liable for any deficiency judgement and suffer damage to their credit.

33.     The equity in the property, in the form of the net proceeds of the sale to the credit investor, would remain in the DB Capital account for the benefit, use and illegal gain of Defendants, Brian Pettiford, Murrell and likely other co-conspirators.  Such illegal proceeds would also be reinvested into DB Capital and the Foreclosure Reversal Program scheme in the form of advertising to attract other potential victims and other operational costs.

34.     Defendants, Brian Pettiford, Murrell and DB Capital, were only able to conduct their illegal scam with the cooperation of the other named Defendants who were aware of scam and provided integral services and assistance without which the Foreclosure Recovery Scam could not succeed.

35.     After Defendants, Brian Pettiford, Murrell and DB Capital, induced a property owner to enter their Foreclosure Reversal Program by way of false promises and fraudulent

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

misrepresentation, they then identified credit investors to act as straw purchasers for the purpose of transferring title to the property.  On at least one occasion Defendants, Brian Pettiford and Russell Pettiford, purchased a property in the DB Capital Foreclosure Reversal Program themselves.

36.    Defendants' fraudulent enterprise and scheme then relied upon Defendant, Integrity, to broker a loan for the straw purchaser for full, or nearly full, appraisal value of the property.  To do so, Defendant, Integrity, knowingly provided or allowed to be submitted fraudulent information on loan applications and other documents regarding the nature of the transaction (that it was an arms-length transaction when it was not), the true identity of the real party in interest purchasing the property (that the straw purchaser was a buyer in name only and that the actual party in interest was DB Capital), that the transactions involved the sale of property for adequate consideration (when indeed little or no consideration was actually paid to the seller), and that the transfer involved a sale of property in fee simple when indeed title was actually clouded by a sale-leaseback agreement which amounted to an equitable mortgage.

37.    Defendant, Integrity, knowingly misrepresented the above facts for the sole purpose of securing a mortgage loan on behalf of the credit investor (straw purchaser) or other purchasers and furthering the Foreclosure Reversal Program scheme.

38.    Upon information and belief Defendant, Integrity, had worked with and provided services to Defendants, Brian Pettiford, Murrell, or DB Capital, on numerous occasions and brokered loans for numerous properties in Defendants' Foreclosure Reversal Program, including the three properties owned by Plaintiff which are the subject of this Complaint.  In addition, Integrity had previously been involved with Brian Pettiford and other Defendants in similar

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

illegal foreclosure rescue schemes, the proceeds of which were used to finance and operate the DB Capital Foreclosure Reversal Program scheme.

39.    Defendant, Integrity, was well aware of the nature of such transactions and fraudulent purpose behind the Foreclosure Reversal Program.  Notwithstanding such knowledge Defendant, Integrity, actively and knowingly played an integral part in Defendants' common scheme without which such scheme would not have been possible.

40.    Defendant, Integrity, received significant financial compensation for its participation in the Foreclosure Reversal Program scheme including a large amount of referrals from DB Capital and other named Defendants and excessive fees which it was allowed to charge for the loans which it brokered.  Such fees included loan origination and discount fees which, at times, amounted to between $7,000 - $10,000 on loans brokered for purchasers with good credit and who otherwise would be required to pay little or no fees for such loans on the open market.

41.    Defendant, Integrity, was also allowed to charge excessive interest rates which, at times, exceeded 12-14% for credit investors/straw purchasers with good credit.  Such interest rates were almost double what such purchasers could get on the open market and allowed Defendant, Integrity, to recover huge fees in the forms of yield spread premiums from the lenders of such funds.  Such fees amounted to additional thousands of dollars per transaction.

42.    Defendant, Integrity's, actions in furtherance of Defendants' fraudulent scheme also resulted in the securing of loan proceeds from lenders which in turn was channeled back to Defendants, DB Capital, Brian Pettiford and Murrell, and reinvested in the Foreclosure Reversal Program scheme.

43.    Defendants' fraudulent enterprise and scheme relied upon Defendant, RTS, to

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

conduct the real estate settlements/closings for the properties involved and issued, or caused to be issued, Deeds transferring title of properties in the Foreclosure Reversal Program to Defendants' or their straw purchasers.

44.     To do so, RTS knowingly or with reckless disregard and willful blindness to the truth, generated, or caused to be generated, closing documents with false information including federally mandated HUD-1 Settlement Statements and Deeds. Such documents identified the credit investors as the purchasers of the properties involved when, in fact, RTS was well aware that the real purchaser in interest was DB Capital and its agents.

45.     The HUD-1 Settlement Statements prepared by RTS would also routinely indicate that the purchaser paid various settlement costs and brought a specified amount to closing out of pocket to purchase the property when, in fact, no such monies were brought to settlement or paid to the sellers. Similarly, RTS generated HUD-1 Settlement Statements that indicated that the seller was to receive the net proceeds of sale (as was customary) notwithstanding the fact that they were well aware that such proceeds, or the majority of such proceeds, were re-directed to DB Capital and the other Defendants. Indeed, such proceeds were generally directly forwarded to DB Capital by RTS through the use of interstate wire transfers to DB Capital bank accounts.

46.     Defendant, RTS, also knowingly filed, or caused to be filed, Deeds in the District of Columbia and Maryland, that contained false information regarding the consideration paid to the sellers (indicating that the sellers received full consideration when, in fact, they received little or none). Such Deeds were provided to or received back from the governmental entities recording the same in Maryland and the District of Columbia by way of interstate mail.

47.     Defendant, RTS's, actions in knowingly generating, or causing to be generated

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

and filed, settlement documents and Deeds containing false information was in violation of various federal statutes, lender instruction and industry standards including, but not limited to, the Real Estate Settlement Procedures Act (RESPA) and 18 U.S.C. §1001.

48.     Defendant, RTS, knowingly generated closing documents and Deeds with false information for the sole purpose of ensuring that the real estate settlements/closings would be allowed to go forward in furtherance of the Foreclosure Reversal Program scheme.

49.     Defendant, RTS, participated in the Foreclosure Reversal Program scheme by conducting fraudulent real estate settlement/closing transactions with willful blindness, preparing false HUD-1 Settlement Statements, filing or causing to be filed Deeds containing false information, representing to sellers that the transaction and supporting documents were accurate, and aiding and abetting the scheme by laundering the proceeds from the settlement/closing transactions to make the disbursements appear legitimate when, in fact, these disbursements were illegal and for different parties than those represented on the settlement documents, which permitted the other Defendants to evade taxes.

50.     Upon information and belief Defendant, RTS, had worked with and provided services to Defendants, Brian Pettiford, Murrell and DB Capital, on numerous occasions and settled/closed dozens of real estate transactions involving Defendants' Foreclosure Reversal Program including the three properties owned by Plaintiff which are the subject of this litigation.

51.     Defendant, RTS, was well aware of the nature of such transactions and fraudulent purpose behind the Foreclosure Reversal Program.  Notwithstanding such knowledge Defendant, RTS, actively and knowingly played an integral part in Defendants' common scheme without which such scheme would not have been possible.

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
1301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

52.     Defendant, RTS, received significant financial compensation for its participation in the Foreclosure Reversal Program scheme including a large amount of referrals from DB Capital and other named Defendants, settlement fees and title insurance premiums.

53.     Defendant, RTS, also channeled fees and the proceeds of the settlements/closings it conducted back to DB Capital and the other named Defendants which were then reinvested in the Foreclosure Reversal Program scheme resulting in additional referrals to RTS.

54.     Defendants' fraudulent enterprise and scheme relied upon the willful participation of credit investors/straw purchasers such as Defendants, Russell Pettiford, Tracey Spain and Ralph Spain Sr., who knowingly and willfully allowed their names and credit to be used by Defendants, Brian Pettiford, Murrell and DB Capital, to secure loans which would then be used to purchase the properties in the Foreclosure Reversal Program scheme and remove the significant equity in such properties for their own unlawful gain.

55.     To do so Defendants, Russell Pettiford, Tracey Spain and Ralph Spain, knowingly agreed to execute contracts for sale, loan applications, Deeds of Trust, closing documents, and various other documents which falsely misrepresented that they were seeking to secure a mortgage and purchase property in an arms-length transaction for adequate consideration paid to the seller.

56.     Defendants, Russell Pettiford, Tracey Spain and Ralph Spain, knowingly, or with reckless disregard and willful blindness to the truth, executed such documents notwithstanding the fact that they never paid any consideration for such properties, never lived in or exercised ownership rights over such properties, allowed the proceeds of the loans they secured to be used by DB Capital to take control and possession of such properties and were aware that the real

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
I EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

party in interest in regards to the purchase of such properties was DB Capital and/or Defendants, Brian Pettiford and Murrell.

57.    Defendants, Russell Pettiford, Tracey Spain and Ralph Spain's, actions were in violation of federal and state laws in the District of Columbia and Maryland and amounted to mortgage fraud.

58.    Defendants, Russell Pettiford, Tracey Spain and Ralph Spain, allowed their identities and credit to be used to secure loans and act as straw purchasers for the sole purpose of furthering the Foreclosure Reversal Program scheme which, without their assistance and participation, would not have been possible.

59.    Defendants, Russell Pettiford, Tracey Spain and Ralph Spain, received significant financial compensation for their participation in the Foreclosure Reversal Program scheme including fees in the amount of $10,000 per transaction.

60.    Defendants, Russell Pettiford, Tracey Spain and Ralph Spain, also secured loans which were channeled back to Defendants, DB Capital and the other named Defendants, and which were then reinvested in the Foreclosure Reversal Program scheme.

61.    Defendant, Millennium, employed Defendant, Brian Pettiford, as the Vice President of their retail/wholesale lending division.  Defendant, Pettiford, used his position at Millennium to recruit credit investors/straw purchasers and property owners to his Foreclosure Reversal Program scheme.  Defendant, Pettiford, also utilized the offices and equipment of Millennium to meet with credit investors and property owners, sign necessary paperwork and agreements, run credit checks and otherwise conduct the business of DB Capital, which was similar to the business conducted by Millennium.

LAW OFFICES
HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
1300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
01 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
AST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

62.     Potential credit investors and Foreclosure Reversal Program participants were led to believe that Millennium and DB Capital were the same or related entities.

63.     Defendant, Wachovia, employed Defendant, Murrell, who similarly used his position at that institution to recruit credit investors and/or property owners to participate in the Foreclosure Reversal Program scheme.  Defendant utilized Wachovia to conduct the business of DB Capital including calling participants to monitor rental payments, sending facsimiles and other electronic data and setting up DB Capital bank accounts into which the illegal proceeds of Defendants' scam would be deposited and distributed from.  Such activities involved, in large part, business transactions that were similar to those conducted by Wachovia.

### Plaintiff's Real Estate Transactions

64.     In or about calendar year 2006, Plaintiff, Cesar Day, began having difficulty making monthly mortgage payments on a multi-unit rental property he owned located at 1725 29th Street, S.E., Washington, D.C. ("D.C. Property").  As a result, he fell behind in such payments and foreclosure proceedings were initiated in or about April, 2007.

65.     Mr. Day attempted to refinance the loan for this property but was unable to do so due to his poor credit.

66.     In or about January, 2007, Mr. Day heard a radio advertisement on radio station WKYS (93.9 FM) for DB Capital which was broadcast into and could be heard in the District, Maryland and Virginia.

67.     Such advertisement promised to assist individuals, having problems with refinancing and bad credit, to save their properties.

68.     Mr. Day responded to such advertisement by calling DB Capital and speaking

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-6400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

with Defendant, Brian Pettiford, who held himself out as a representative of such entity.  During such phone call, it was agreed to set up a meeting in person at another property owned by Mr. Day located at 3212 Auchentoroly Terrace, Baltimore, Maryland ("Baltimore Property").

69.     Defendant, Brian Pettiford, met Mr. Day at the Baltimore Property in or about January, 2007.  At that time, Defendant, Pettiford, indicated to Mr. Day that he would be able to assist him and save the D.C. Property from foreclosure.  A follow-up meeting was set up in Defendant, Pettiford's, office at Millennium Bank located at 8521 Leesburg Pike, Suite 500, Vienna, Virginia.

70.     In or about late January, 2007 or early February, 2007, Mr. Day met with Defendant, Pettiford, at his office at Millennium Bank on Leesburg Pike in Vienna, Virginia.  At that time, Mr. Pettiford indicated that Millennium Bank and DB Capital were the same or related entities and provided Mr. Day with a business card indicating that he was the Vice President of the retail/wholesale lending division of Millennium Bank which contributed to the impression of legitimacy upon which Mr. Day relied.

71.     At that meeting, Defendant, Pettiford, explained that DB Capital would be able to save the D.C. Property from foreclosure by assigning a credit investor to purchase the property for the duration of one year during which time DB Capital would work with Mr. Day to repair his credit, acquire a loan at a low interest rate and repurchase his property.

72.     Defendant, Pettiford, represented that lenders, such as Millennium, only look back at an applicant's credit for a period of one year.  As such, after Mr. Day "sold" the D.C. Property on paper and satisfied the outstanding loans/liens, his credit would repair itself after one year and he would definitely be able to acquire a loan at a low interest rate and repurchase the property

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

with loan payments he could afford.  As such, he would be in a better financial situation than he had been in before and would be able to save all of his properties.

73.     Defendant, Brian Pettiford, made such representation notwithstanding the fact that he was aware of Mr. Day's difficulties securing a loan over the prior 6-12 months and that Mr. Day's credit was below 525 and extremely poor.

74.     Defendant, Brian Pettiford, further indicated that, in order for the Foreclosure Reversal Program to work, Mr. Day would have to transfer title to each of the three properties he owned even though two of the properties were not in foreclosure or in arrears in mortgage payments.  These properties were as follows:

- 1725 29th Street, S.E.
  Washington, D.C. ("D.C. Property")
  Multi-unit rental property

- 3212 Auchentoroly Terrace
  Baltimore, MD ("Baltimore Property")
  multi-unit rental property

- 14932 Nighthawk Lane
  Bowie, MD ("Bowie Property")
  primary residence

75.     Defendant, Brian Pettiford, further represented that, in order to participate in the Foreclosure Reversal Program, the Baltimore and Bowie Properties would have to be transferred so that DB Capital could ensure that all mortgage and other payments were made in a timely fashion and Mr. Day's credit was not negatively impacted.

76.     Defendant, Brian Pettiford, further misrepresented that the total cost of Mr. Day's participation in the Foreclosure Reversal Program would be approximately $15,000 - 20,000 per property for each of the three properties, including payments to the credit investors.

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

77.     In light of Defendant, Brian Pettiford's, position with Millennium Bank and experience in the mortgage industry, Mr. Day reasonably relied upon his representation and accepted them as true and accurate.

78.     Defendant, Brian Pettiford, made such representations fraudulently and notwithstanding his knowledge at the time of his meeting with Mr. Day (in late January or early February, 2007), and certainly prior to the transfer of title to the properties in April and May, 2007, that Mr. Day would not be able to acquire a mortgage to repurchase the properties let alone a mortgage with an interest rate low enough to make his situation better than it had been before, that, because Defendants would take out much larger loans for the purpose of draining the equity from the properties, Mr. Day's payments and financial burden would be substantially higher even if he were to repurchase the properties, that Mr. Day's credit would not be "repaired" in one year's time, that the total cost of the Foreclosure Reversal Program was for an excess of $15,000-20,000 per property and, in fact, would drain almost all of the equity Mr. Day had in his properties to the benefit of DB Capital, and that the Foreclosure Reversal Program was in reality a scheme perpetrated for the sole purpose of unlawfully acquiring title to property and would provide no legitimate service or benefit to Plaintiff.

79.     At the time of their meeting in late January or early February, 2007 Defendant, Pettiford, had Mr. Day sign various documents for all three properties including the following:

- DB Capital Lease/Purchase

- Residential Real Estate Contract by Owner

- Authorization

- DB Capital Addendum to Contract, Heirs Assignment

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
1301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

21

- DB Capital Group, Inc Reversal Program/Addendum to Contract to Sell Real Estate

- DB Capital/Reversal Contract

80.     These documents outlined the terms of the Foreclosure Reversal Program including the following: Mr. Day would be allowed to repurchase the properties within one year (with a 60 day grace period); that at the end of 12 months Mr. Day would be "added back onto the Deed[s] from sale of the propert[ies]" so that he could "repurchase the house completely back into a sole ownership", that the transaction was a "Reverse Mortgage"; that DB Capital would assist Mr. Day in repairing his credit; that Mr. Day was required to go through DB Capital to secure financing to repurchase the property; that DB Capital (not the record title owners and mortgage holders) would pay the forthcoming mortgage payments during the time period in which Mr. Day was in the Foreclosure Reversal Program; and authorizing Defendant, RTS, to conduct the real estate closings for the properties and to disburse the proceeds of settlement that would otherwise be due to Mr. Day, to DB Capital.

81.     Mr. Day would also be allowed to leaseback all three properties for the following approximate monthly rental payments to DB Capital:

- DC Property - $1600

- Bowie Property - $1700

- Baltimore Property - $1600

82.     Defendants, Brian Pettiford, Murrell and DB Capital, arranged for credit investors to act as straw purchasers for Plaintiff's properties.

83.     Defendant, Tracey Spain, signed the contract for purchase of the Baltimore

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

Property.

84.     Upon information and belief, Defendant, Tracey Spain, submitted documentation to Defendant, Integrity, to secure a loan to purchase such property.  Such material knowingly contained false information regarding the nature of the transaction intended to secure a loan in furtherance of Defendants' common scheme.

85.     Upon information and belief, such information included misrepresentations that Ms. Spain was purchasing the property for her own use and that she would be paying customary settlement costs and a percentage of the purchase price out of pocket.

86.     Defendant, Tracey Spain, was well aware at the time such representations were made that she would not be paying anything towards the purchase of the Baltimore Property or for settlement costs and that DB Capital was the real purchaser in interest and would have complete control over such property.  Defendant, Tracey Spain, was also aware that Mr. Day had the option and right to repurchase the Baltimore Property within one year which essentially amounted to an equitable mortgage.  As such, the Baltimore Property was not being purchased in fee simple as was represented to the lender.

87.     Similarly, the Defendant, Ralph Spain, acted as the credit investor for the Bowie Property and Defendant, Russell Pettiford, did the same for the D.C. Property (in conjunction with Defendant, Brian Pettiford).  All of these Defendants submitted similar documentation to Defendant, Integrity, to secure loans to purchase the properties which knowingly contained false information regarding the nature of the transactions, the true owners in fact of the properties and the funds that would be due and payable at settlement by the borrower.  All of these Defendants knowingly made such representations with full knowledge of their false nature and with the

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
1 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

express intent of securing loans to further Defendants' common scheme.

88.    Upon information and belief Defendants, Tracey Spain, Ralph Spain and Russell Pettiford, each received compensation in the amount of at least $10,000 for their participation in the Foreclosure Reversal Program scheme involving Mr. Day's properties and, through such participation, were able to secure loans which were channeled back to DB Capital and other named Defendants to be reinvested in the Foreclosure Reversal Program scheme.

89.    The loans secured by those Defendants were brokered through Defendant, Integrity.

90.    Upon information and belief Defendant, Integrity, was well aware that the loans involving Plaintiff, Cesar Day's, properties were part of the DB Capital Foreclosure Reversal Program scheme and knowingly provided or allowed to be submitted fraudulent information on Defendants' loan applications and other documents regarding the nature of the transaction (that it was an arms-length transaction when it was not), the true identity of the real party in interest purchasing the property (that the straw purchaser was a buyer in name only and that the actual party in interest was DB Capital), that the transactions involved the sale of property for adequate consideration (when indeed little or no consideration was actually paid to the seller), and that the transfer involved a sale of property in fee simple when, indeed, title was actually clouded by a sale-leaseback provision which amounted to an equitable mortgage.

91.    Defendant, Integrity, knowingly misrepresented the above facts on the loan applications for the properties owned by Cesar Day for the sole purpose of securing a mortgage loan on behalf of Defendants, Tracey Spain, Ralph Spain, Russell Pettiford and Brian Pettiford, and furthering the Foreclosure Reversal Program scheme.

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

24

92.     Defendant, Integrity, received significant financial compensation for its participation in the Foreclosure Reversal Program scheme involving Plaintiff, Cesar Day's, properties, including additional referrals from DB Capital and other named Defendants and excessive fees which it was allowed to charge for the loans which it brokered in this case.  Such fees included loan origination and discount fees in the amount of almost $7500 on the loan brokered for the purchase of the D.C. Property as well as interest rates of over 14% on the Baltimore Property and over 10% on the D.C. Property for borrowers that had good credit.  Such interest rates were almost double what such borrowers could get on the open market and allowed Defendant, Integrity, to recover huge fees in the forms of yield spread premiums from the lenders of such funds.  Such fees amounted to additional thousands of dollars per transaction for each of the three properties owned by Mr. Day.

93.     Defendant, Integrity's, actions in furtherance of Defendants' fraudulent scheme also resulted in the securing of loan proceeds from lenders for purchase of Mr. Day's properties which in turn was channeled back to Defendants, DB Capital, Brian Pettiford and Murrell, and reinvested in the Foreclosure Reversal Program scheme.

94.     As a result of the fraudulent and purposeful misrepresentations made by Defendants, Plaintiff, Cesar Day, was induced into transferring title to his three properties.  Such transactions occurred at the offices of Defendant, RTS, located at 2095 Chain Bridge Road, Vienna, Virginia on or about April 27, 2007, May 16, 2007 and May 18, 2007.

95.     On or about April 27, 2007 and May 16, 2007 Defendant, RTS, conducted what were purported to be real estate settlements/closings for the Bowie and Baltimore Properties respectively.

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
J EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

96.     Unlike traditional settlements, the "purchasers" (Tracey Spain and Ralph Spain) were not present.

97.     The settlement/closing for the D.C. Property was also conducted by Defendant, RTS, at their Vienna, Virginia address on or about May 18, 2007.

98.     Similarly, at closing none of the "purchasers" (Brian Pettiford and Russell Pettiford) were present.

99.     Notwithstanding this Defendant, RTS, fraudulently generated documentation at each settlement indicating that both the seller and purchasers were present.

100.    The purported sale price listed on the HUD-1 Settlement Statement and Deed arising out of the D.C. Property transaction was $370,000.  At the time of settlement, Mr. Day owed liens of approximately $216,311 resulting in equity due and payable to him from the proceeds of settlement in the approximate amount of $150,000 (after subtraction of reasonable and customary settlement costs).

101.    Mr. Day received only $15,000 from the proceeds of that settlement.

102.    The purported sale price for the Baltimore Property, as stated on the Deed prepared at closing, was $280,000.  At the time of settlement, Mr. Day owed liens of approximately $190,000 resulting in equity due and payable to him from the proceeds of settlement in the approximate amount of $85,000 (after subtraction of reasonable and customary settlement costs).

103.    Mr. Day received nothing from the proceeds of that settlement.

104.    The purported sale price for the Bowie Property as stated on the Deed prepared at closing was $320,000.  At the time of settlement, Mr. Day owed liens of approximately $250,000

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
0 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

26

resulting in equity due and payable to him from the proceeds of settlement in the approximate amount of $65,000 (after the subtraction of reasonable and customary settlement costs).

105.    Mr. Day received nothing from the proceeds of this settlement.

106.    In furtherance of Defendants' common scheme, Defendant, RTS, also generated closing documents for each of Plaintiff's three properties with false information including federally mandated HUD-1 Settlement Statement and Deeds.  Such documents identified the credit investors as the purchasers of the properties involved when, in fact, RTS was well aware that the real purchaser in interest was DB Capital and its agents.

107.    Similarly, each of the HUD-1's prepared by RTS for the Plaintiff's properties indicated that the buyers paid various settlement costs and brought a specified amount of out of pocket money to closing to purchase the properties when, in fact, no such monies were brought to settlement or paid to Mr. Day.

108.    Specifically, the HUD-1 Settlement Statement prepared on May 18, 2007 by RTS for the D.C. Property indicated that Defendant, Russell Pettiford, was one of the purchasers when, in fact, RTS was well aware that the real purchaser in fact was DB Capital.

109.    That HUD-1 also indicated that the buyers Defendants, Brian Pettiford and Russell Pettiford, were to bring $30,342.49 to settlement, of which $18,213 was to go to the seller, Mr. Day, towards the purchase price of the property.  The HUD-1 also indicated that Mr. Day was to receive $131,295.02 as "cash to seller".

110.    RTS was aware that this information was false and that the buyer brought no money to settlement nor did Mr. Day receive $131,295.02 as the proceeds of the settlement. Indeed, RTS was, or through the exercise of reasonable diligence should have been, aware that

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

27

little or no consideration was paid to Mr. Day.

111.    Upon information and belief, RTS, wired such funds after the closing to a bank account they knew to be owned by Defendant, DB Capital Group.

112.    RTS also caused a Deed to be generated and filed (dated May 17, 2007) with the District of Columbia Recorder of Deeds which falsely indicating that Mr. Day was paid "consideration of the sum of ... $370,000" and that the property was conveyed in fee simple when it knew full well that such property was part of the Foreclosure Reversal Program scheme and that Mr. Day retained an equitable and legal right in the ownership of such property.

113.    Such Deed was filed or returned back to RTS by interstate mail.

114.    RTS's actions in knowingly making false statements on settlement documents and causing Deeds containing false information to be filed, were in violation of numerous federal laws including 18 U.S.C. § 1001 and 1010 and RESPA.

115.    Upon information and belief, such actions were also in clear violation of the lender's instruction which required RTS to ensure that all funds due from the buyer/borrower were brought to settlement, went through RTS's escrow accounts or were otherwise verified.

116.    Similarly, at the settlements/closings conducted for the Bowie and Baltimore Properties, RTS also generated HUD-1 Settlement Statements and caused Deeds to be filed with information they knew, or should have known, to be false.

117.    During the Bowie Property closing on or about April 27, 2007, a HUD-1 Settlement Statement was generated indicating that the Defendant, Tracey Spain, was the purchaser, that she was to bring approximately $7,000 to closing and that Mr. Day was to receive approximately $50,000 from the proceeds of the settlement.

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

118.    RTS knew that all of this information was false, that Ms. Spain brought nothing to settlement and that all of the proceeds of the settlement were transferred through interstate wire to a bank account they knew to be owned by DB Capital.

119.    RTS was also well aware that the Deed which they generated, or caused to be generated (dated April 27, 2007), contained similar false information regarding the purchaser of the property and the consideration paid.

120.    Such Deed was filed in P.G. County Circuit Court, or received back from that Court, on or about May 18, 2007 by interstate mail.

121.    During the Baltimore Property closing on or about May 16, 2007, a HUD-1 Settlement Statement was generated indicating that Defendant, Ralph Spain, was the purchaser, that he was to bring approximately $12,000 to closing and that Mr. Day was to receive approximately $70,000 from the proceeds of the settlement.

122.    Once again, RTS knew that all of this information was false, that Mr. Spain brought nothing to settlement and that all of the settlement proceeds were transferred through interstate wire to a bank account they knew to be owned by DB Capital.

123.    RTS was also well aware that the Deed which they generated, or caused to be generated (dated May 16, 2007), contained similar false information regarding the purchaser of the property and the consideration paid.

124.    Such Deed was filed in Baltimore land records, or received back from that entity, on or about October 1, 2007 by interstate mail.

125.    Subsequent to the closings on Mr. Day's properties Defendant, Murrell, working as an agent of Defendant, Wachovia, set up direct debits from Mr. Day's personal account into

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-459-8400
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

the DB Capital account at the same institution into which rental payments for the D.C., Baltimore and Bowie Properties were to be deposited.

126.    Defendant, Murrell, also contacted Mr. Day by telephone on numerous occasions to inquire into the status of rental payments that were due or determine why sufficient funds were not available for direct debit.

127.    Upon information and belief Defendant, Murrell, also notarized the signature of Mr. Day on numerous documents utilized to accomplish the Foreclosure Reversal Program scheme for Mr. Day's three properties including the DB Capital Group Lease/Purchase, Residential Real Estate Contract by Owner, Authorization, DB Capital Group, Inc Reversal Program/Addendum to Contract to Sell Real Estate, DB Capital/Reversal Contract, Addendum to Contract, DB Capital Group, Inc. Good Faith Estimate Fee Break Down/Reversal Program, and DB Capital Group Addendum to Contract.  All such documents were signed (for each of the three properties) outside of Mr. Murrell's presence .

128.    Mr. Murrell fraudulently notarized such documents at some later time in furtherance of Defendants' common scheme.

129.    In the twelve (12) months following the transfer of title to Mr. Day's properties he contacted Defendant, Brian Pettiford, on numerous occasions to inquire into getting financing to repurchase the same.

130.    On each such occasion Defendant, Pettiford, provided excuses as to why it was premature to begin such process or indicated that he was actively seeking such financing.

131.    No such financing was ever secured and Mr. Day was never given the opportunity to repurchase his properties.

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

132.   Mr. Day made rental payments for the three properties in the total amount of $4900 per month for almost three years.

133.   In addition, Mr. Day managed the D.C. and Baltimore Properties for approximately the same period of time.

134.   Upon information and belief Defendants, DB Capital, Brian Pettiford and Murrell, failed to make required mortgage payments on the properties allowing the D.C. and Baltimore Properties to go into foreclosure.

### Civil Rico Summary

135.   In connection with the activities giving rise to this action Defendants, DB Capital, Brian Pettiford, David Murrell, Integrity, RTS, Ralph Spain, Tracey Spain and Russell Pettiford (hereafter referred to as the "RICO Defendants") acted with malice, intent and knowledge, and with a wanton disregard for the rights of Plaintiff, Cesar Day.

136.   At all relevant times herein, the "enterprise" described herein operated separately and distinct from each individual RICO Defendant.  The enterprise consisted of an association in fact of the RICO Defendants to implement and conduct the "Foreclosure Reversal Program", which had been operated over the course of at least a two-year period through the use of mail, wire, and tax fraud, and the collection of unlawful debts, and involving what is likely dozens of victims and properties including three properties owned by Plaintiff.

137.   The enterprise was engaged in interstate commerce in that, *inter alia*, the mortgage loans and real properties which are subject to the scheme to defraud set forth in this Complaint, were secured in Maryland and the District of Columbia and were funded and serviced out-of-state by various lenders around the United States.  See RICO, §1961(4) and §1962(a).

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
0 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

138.   On information and belief, the initial capital contributions invested by each RICO Defendant in forming the enterprise, the Foreclosure Reversal Program, was illicit income derived from a previous pattern of racketeering activity and the collection of unlawful debts through an informal association and prior business dealings between the RICO Defendants.

139.   At all relevant times herein, in connection with the activities giving rise to this action, the RICO Defendants conspired with each other to engage in the various activities set forth herein, agreed to participate in the operation of the conspiracy and scheme to defraud Plaintiff and other property owners, and aided and abetted one another in these activities, all as proscribed by federal law.

140.   As set forth herein, during the relevant times, and in furtherance of and for the purpose of executing the scheme and artifice to defraud, the RICO Defendants on numerous occasions used and caused to be used, mail depositories of the United States Postal Service by both placing and causing to be placed mailable matters in said depositories and by removing and causing to be removed mailable matters from said depositories including, but not limited to HUD-1 Settlement Statements, correspondence, other closing documents, Deeds, and original copies of owner's title insurance policies that fraudulently misrepresented and concealed the true nature of the relationship between the conspirators and concealed the true nature of services provided by the Foreclosure Reversal Program.

141.   Specifically, RTS mailed disbursements from each of the Plaintiff's transactions to entities which attempted to present the Foreclosure Reversal Program as a bona fide and legal real estate transaction.  The efforts by RTS were successful in deceptively hiding the fact that the Foreclosure Reversal Program was not a bona fide and legal real estate transaction.  The mailings

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

32

of these disbursements was successful in deceptively hiding the fact that the Foreclosure

Reversal Program was a sham and not operating according to the law and was merely created to

launder money back into the hands of the Defendants and their affiliates.

142.    Further, the activities of the RICO Defendants were designed to evade the

payment of taxes for the equity wrongfully obtained by Defendants, DB Capital, Brian Pettiford,

and Murrell, in violation of 18 U.S.C. §1956.

143.    The RICO Defendants have engaged in a pattern of racketeering by repeatedly

engaging in activities designed to evade the payment of taxes on the equity wrongfully obtained

by them from Plaintiff and other victims like him.

144.    As described above, RTS, used the United States mail to send and/or receive

documents containing fraudulent information, the purpose of which was to further the

Foreclosure Reversal Program scheme.  Such documents included Deeds from each of the

Plaintiff's transactions as well as other settlement/closing documents.  Each such use of the

United States mails in connection with the scheme and artifice to defraud constituted the offense

of mail fraud as proscribed and prohibited by 18 U.S.C. §1341.

145.    As set forth herein, during the relevant times, and in furtherance of and for the

purpose of executing the scheme and artifice to defraud, the Defendants on numerous occasions

also used and caused to be used, telephone, and other wire transactions including, but not limited

to, interstate telephone conversations between Defendants, Brian Pettiford, Murrell, and Plaintiff,

and the receipt and dissemination of funds through bank wire transfers in each and every

transaction with the intent and in furtherance of the scheme to defraud.  Each such use of the

telephone and wire transmission in connection with the scheme and artifice to defraud

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
1 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

constituted the offense of wire fraud as proscribed and prohibited by 18 U.S.C. §1343.

146.    The RICO Defendants' enterprise, which operated for at least 2 years and targeted

dozens of properties in Maryland, the District of Columbia and Virginia (including three

properties owned by Plaintiff) involving vulnerable homeowners who were in trouble financially

but equity rich and used form documents that intentionally contained false information that was

sent through the US mail and interstate wire, constituting a pattern of racketeering activity.

147.    Each of the conspirators used proceeds derived from a pattern of racketeering

activity under 18 U.S.C. §1961(1) & (5) and proceeds derived from the collection of unlawful

debts to acquire an interest in, establish, or operate the enterprise consisting of an association in

fact to implement the Foreclosure Reversal Program.

148.    The RICO Defendants associated together for a common purpose of engaging in

a course of conduct.

149.    The Defendants' enterprise involved in this scheme had an ongoing organization

with a decision-making framework and/or a mechanism for controlling the group enterprise.

150.    As described herein, the RICO Defendants engaged in ongoing, coordinated

behavior in the Foreclosure Reversal Program victimizing Plaintiff and other similarly situated

individuals.  Each of these Defendants was aware of each other's existence as part of the scheme

to defraud.

151.    The association of these Defendants into an enterprise served as the vehicle

through which the unlawful acts described herein were conducted.  Without the association of

these persons, the unlawful acts described herein would not have been possible.

152.    As described above, these enterprises had organizational structures or chains of

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
0 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

command, including phases for soliciting and recruiting victim homeowners, preparing contracts including sales contracts and leases, preparing loan documents, brokering loans, closing real estate transactions, filing Deeds containing false information, and creating the appearance of a credit repair and foreclosure rescue business.

153.   These enterprises used organized efforts to fraudulently and illegally lure Plaintiff and others to engage their services, to systematically deceive Plaintiff and other victims, to close fraudulent and illegal real estate transactions involving the Plaintiff and other victims and to benefit themselves at the expense of the Plaintiff and other victims.

154.   The RICO Defendants engaged in the enterprises described above and functioned as continuing units identifiable over a period of time.  The RICO Defendants were involved in the transactions involving Plaintiff and other victims over a period spanning at least two years and involving likely dozens of transactions, three of which involved Plaintiff's properties.

155.   On information and belief, the enterprises described above did not exist solely for the purpose of engaging in predicate acts violative of RICO, but the enterprises also engaged in legitimate real estate transactions over the same period of time for the purpose of further concealing the true intent of their enterprise.

156.   The RICO Defendants each engaged in a pattern of racketeering activity, as defined under RICO, §1961(5), as each engaged in a pattern of mail and wire fraud as well as money laundering to evade taxes.

157.   Each of the transactions concerned herein also involved the collection of "unlawful debts," as defined by RICO, §1961(6).  These transactions were unenforceable under applicable State law, in whole or in part as to principal or interest because of the laws relating to

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

usury, and these debts were incurred in connection with the business of lending money and/or

things of value at a rate usurious under applicable State law.

158.    The enforceable rate of each of these loans to Plaintiff was no more than 6% per

annum, and each of the three transactions involving the Plaintiff involved equitable mortgages

which carried an annual percentage rate far in excess of that amount.

<u>**COUNT I**</u>

**Violation of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO")**
**18 U.S.C. §1962(a)**
**(RICO Defendants)**

Plaintiff hereby adopts and incorporates by reference all of the facts and allegations set

forth in paragraphs 1 through 158 above, and further alleges that:

159.    Plaintiff is a "person" within the meaning of 18 U.S.C. §§1961(3) and 1964(c).

160.    Each RICO Defendant is a "person" within the meaning of 18 U.S.C. §§1961(3)

and 18 U.S.C. §§1962(a).

161.    Through the agreements between the RICO Defendants and through the

arrangements and joint activity between the RICO Defendants, the RICO Defendants formed an

association in fact with each other which constitutes an "enterprise" engaged in illegal activities

affecting interstate commerce pursuant to 18 U.S.C. §§1961(4) and 1962(a).

162.    Each of the RICO Defendants used proceeds derived from a pattern of

racketeering activity under 18 U.S.C. §§1961(1) and (5) or from the collection of unlawful debts,

to acquire an interest in, establish, or operate the enterprise.

163.    These unlawful activities included multiple instances of mail and wire fraud

including, but not limited to, the filing of Deeds containing false information and the wiring of

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

illegal proceeds of the Foreclosure Reversal scheme in violation of 18 U.S.C. §§1341 and 1343.

164.    The unlawful activities also included the collection of unlawful debts as defined by RICO.

165.    The RICO Defendants' association in fact had a common or shared purpose, to give effect to the scheme described above, and had a distinct division of labor as described above.  It continued as a unit, with a core membership, over a substantial period of time of at least two years, and was an ongoing organization established for an economic motive.

166.    The RICO Defendants each played a substantial and distinct role in this scheme.

167.    The RICO Defendants each knew that the Foreclosure Reversal Program was an illegal means of stripping equity from the homes of the property owners they engaged including Plaintiff, Cesar Day.

168.    All of these activities of the association in fact form a pattern, continuous in nature, which consists of numerous unlawful individual acts directed to the Plaintiff and other victims.  The illegal activities of the RICO Defendants persisted over an extended period of time starting in or about November, 2006 with the incorporation of DB Capital Group and extending, upon information and belief, at least two years.  Each of the false and fraudulent representations made by the RICO Defendants, and contained in the documents provided to Plaintiff and other victims, were made in furtherance of the conspiracy for which the RICO Defendants are liable. The reliance of Plaintiff on the material falsehoods and omissions made in this regard were reasonable and justified because such representations would and did cause persons of ordinary experience to be convinced of the legality and legitimacy of the Foreclosure Reversal Program.

169.    These activities of the RICO Defendants entailed multiple instances of mail fraud

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

consisting of intentional mail fraud intended to induce, and inducing, the Plaintiff and others to part with property and to surrender legal rights in violation of 18 U.S.C. §§1341.

170.    These activities of the RICO Defendants also entailed multiple instances of wire fraud consisting of intentional wire fraud intended to induce, and inducing, Plaintiff and others to part with property and to surrender legal rights in violation of 18 U.S.C. §§1343.

171.    These activities of the RICO Defendants also entailed multiple instances of the collection of unlawful debts consisting of the intentional collection of unlawful debts intended to induce, and inducing, Plaintiff and others to part with property and to surrender legal rights in violation of RICO.

172.    These activities of the RICO Defendants also entailed multiple instances of money laundering designed to evade taxes in violation of 18 U.S.C. §§1956.

173.    Through the use of this illegal and fraudulent scheme, and through the efforts to operate and maintain the enterprise described herein, to maintain the conspiracy and to facilitate the payment of illegal fees and kickbacks to the RICO Defendants by laundering funds through the use of the Foreclosure Reversal Program, the RICO Defendants have been able to retain money which is rightfully payable to the Plaintiff, to collect money not properly due from the Plaintiff and evade taxes.

174.    The RICO Defendants retained these illegally gained funds and reinvested and used these funds in their operations in violation of 18 U.S.C. §§1962(a).

175.    Plaintiff and others have been injured in their property by reason of the operation of the association in fact enterprise in this unlawful manner and investment of illicit proceeds from previous racketeering activities in the association in fact enterprise.

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

38

176.    As a direct and proximate result of Defendants' violation of 18 U.S.C. §1962(a), Plaintiff, Cesar Day, suffered, and will continue to suffer, significant and extensive damages including, but not limited to, the loss of title to his properties, the loss of equity in his properties, the loss of rental income from his properties and ultimately the loss of his right to reside in and control his properties.

177.    As a further direct and proximate result of Defendants' violation of 18 U.S.C. §1962(a), Plaintiff, Cesar Day, suffered, and will continue to suffer, severe emotional pain and suffering and distress.

WHEREFORE, Plaintiff demands judgement against the RICO Defendants, jointly and severally, as follows:

a.    Compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

b.    Punitive/exemplary damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

c.    Judgment declaring the Deed to the Bowie Property dated April 27, 2007, transferring title from Cesar Day to Ralph Spain, null and void.

d.    Judgment declaring the Deed to the Baltimore Property dated May 16, 2007, transferring title from Cesar Day to Tracey Spain null and void.

e.    Judgement declaring the Deed to the D.C. Property dated May 18, 2007, transferring title from Cesar Day to Brian Pettiford and Russell Pettiford null and void.

f.    Attorney's fees and costs of litigation, interest and any other such further relief as

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
I EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

the Court deems appropriate.

## COUNT II

### Violation of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1962(c) (RICO Defendants)

Plaintiff hereby adopts and incorporates by reference all of the facts and allegations set forth in paragraphs 1 through 177 above, and further alleges that:

178.    Plaintiff is a "person" within the meaning of 18 U.S.C. §§1961(3) and 1964(c).

179.    The RICO Defendants are "persons" within the meaning of 18 U.S.C. §§1961(3) and 1962(c).

180.    The association in fact described above was an "enterprise" within the meaning of 18 U.S.C. §§1961(4) and 1962(c), which enterprise was engaged in, and the activities of which affect, interstate commerce.

181.    The RICO Defendants were each associated with the enterprise and participated in its management and operation by directing its affairs and by conducting business with each other and assisting in the scheme to charge Plaintiff and other victims, illegal and fraudulent fees in connection with the Foreclosure Reversal Program.  The RICO Defendants each participated, directly and indirectly, in the conduct of the enterprise's affairs through a pattern of unlawful activity under 18 U.S.C. §§1961(i)(b), 1961(5) and 1962(c), to wit:

a.    Multiple acts of mail fraud, in violation of 18 U.S.C. §1341;

b.    Multiple instances of wire fraud, in violation of 18 U.S.C. §1343;

c.    Multiple instances of money laundering to evade taxes in violation of 18 U.S.C. §1956; and

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
1 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

    d.      Multiple instances of the collection of unlawful debts in violation of RICO.

182.   Plaintiff suffered injury to his properties within the meaning of 18 U.S.C. §§1964(c), by reason of the violation of 18 U.S.C. §§1962(c).

183.   As a direct and proximate result of Defendants' violation of 18 U.S.C. §1962(c), Plaintiff, Cesar Day, suffered, and will continue to suffer, significant and extensive damages including, but not limited to, the loss of title to his properties, the loss of equity in his properties, the loss of rental income from his properties and ultimately the loss of his right to reside in and control his properties.

184.   As a further direct and proximate result of Defendants' violation of 18 U.S.C. §1962(c), Plaintiff, Cesar Day, suffered, and will continue to suffer, severe emotional pain and suffering and distress.

WHEREFORE, Plaintiff demands judgement against RICO Defendants, jointly and severally, as follows:

    a.      Compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

    b.      Punitive/exemplary damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

    c.      Judgment declaring the Deed to the Bowie Property dated April 27, 2007, transferring title from Cesar Day to Ralph Spain, null and void.

    d.      Judgment declaring the Deed to the Baltimore Property dated May 16, 2007, transferring title from Cesar Day to Tracey Spain null and void.

    e.      Judgement declaring the Deed to the D.C. Property dated May 18, 2007,

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

transferring title from Cesar Day to Brian Pettiford and Russell Pettiford null and void.

f.    Attorney's fees and costs of litigation, interest and any other such further relief as the Court deems appropriate.

## COUNT III

### Violation of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1962(d) (RICO Defendants)

Plaintiff hereby adopts and incorporates by reference all of the facts and allegations set forth in paragraphs 1 through 184 above, and further alleges that:

185.    Plaintiff is a "person" within the meaning of 18 U.S.C. §§1961(3) and 1964(c).

186.    The RICO Defendants are "persons" within the meaning of 18 U.S.C. §§1961(3) and 1962(d).

187.    The association in fact described above was an "enterprise" within the meaning of 18 U.S.C. §§1961(4) and 1962(a), which enterprise was engaged in, and the activities of which affect, interstate commerce.

188.    The RICO Defendants as co-conspirators were associated with the enterprise described herein, and conspired within the meaning of 18 U.S.C. §§1962(d) to violate §§1962(a) and (c).

189.    The Defendants as co-conspirators conspired to use or invest income derived from a pattern of unlawful activity and the collection of unlawful debts under 18 U.S.C. §§1961 to acquire an interest in, establish or operate the enterprise and have done so through a pattern of

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

42

unlawful activity including multiple instances of mail fraud, wire fraud, money laundering to evade taxes and the collection of unlawful debts.

190.    The Defendants as co-conspirators conspired to operate, maintain control of, and maintain an interest in the enterprise and have done so through a pattern of unlawful activity including multiple instances of mail fraud, wire fraud, money laundering to evade taxes and the collection of unlawful debts.

191.    As a direct and proximate result of Defendants' violation of 18 U.S.C. §1962(d), Plaintiff, Cesar Day, suffered, and will continue to suffer, significant and extensive damages including, but not limited to, the loss of title to his properties, the loss of equity in his properties, the loss of rental income from his properties and ultimately the loss of his right to reside in and control his properties.

192.    As a further direct and proximate result of Defendants' violation of 18 U.S.C. §1962(d), Plaintiff, Cesar Day, suffered, and will continue to suffer, severe emotional pain and suffering and distress.

WHEREFORE, Plaintiff demands judgement against RICO Defendants, jointly and severally, as follows:

a.    Compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

b.    Punitive/exemplary damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

c.    Judgment declaring the Deed to the Bowie Property dated April 27, 2007, transferring title from Cesar Day to Ralph Spain, null and void.

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

d.   Judgment declaring the Deed to the Baltimore Property dated May 16, 2007, transferring title from Cesar Day to Tracey Spain null and void.

e.   Judgement declaring the Deed to the D.C. Property dated May 18, 2007, transferring title from Cesar Day to Brian Pettiford and Russell Pettiford null and void.

f.   Attorney's fees and costs of litigation, interest and any other such further relief as the Court deems appropriate.

## COUNT IV

### Fraud - Conspiracy to Commit Fraud
**(Defendants, DB Capital, Integrity, RTS, Brian Pettiford, David Murrell, Russell Pettiford, Tracy Spain, and Ralph Spain, Sr.)**

Plaintiff hereby adopts and incorporates by reference all of the facts and allegations set forth in paragraphs 1 through 192 above, and further alleges that:

193.   Defendants knowingly made false representations to the Plaintiff and engaged in a purposeful conspiracy, the goal of which was to induce Plaintiff to enter into agreements that would result in the transfer of the title to his properties and the realization of substantial financial gain by all Defendants in the form of the significant equity in the Plaintiff's properties as well as exorbitant, non-customary, fraudulent and illegal fees including, but not limited to, mortgage broker fees, credit investor fees, and fees paid to DB Capital for participation in the Foreclosure Reversal Program scheme.

194.   Among the false representations made and conspiratorial actions taken to bolster such representations and further the fraudulent scheme were the following:

a.   that the DB Capital Foreclosure Reversal Program would be able to assist Plaintiff

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

44

and save his property from foreclosure;

b.     that Plaintiff would be transferring his properties for approximately a one year

period of time;

c.     that during such period of time, DB Capital would work with Plaintiff to repair his

credit, acquire a loan at a low interest rate and repurchase his property;

d.     that lenders such as Millennium Bank only look back at an applicant's credit for a

period of one year.  As such, after Plaintiff sold his properties and satisfied his

outstanding loans/liens, his credit would repair itself and he would definitely be

able to acquire a loan at a low interest rate and repurchase the property after one

year;

e.     that after one year Plaintiff would be able to acquire a loan to repurchase the

property at an interest rate and cost that would put him in a better financial

position than he had been in before;

f.     that in order for the Foreclosure Reversal Program to work, Plaintiff would have

to transfer title to each of his three properties even though two of the properties

were not in foreclosure or in arrears on mortgage payments;

g.     that the total cost of the Foreclosure Reversal Program would be $15,000-20,000

per property for each of the three properties.

h.     that DB Capital and Millennium Bank were the same or related entities.

i.     Generating a HUD-1 Settlement Statement and other closing documents which

knowingly contained factual misrepresentations that Defendants knew and

understood were necessary in order to further their common fraudulent scheme,

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

falsely acquiring financing and fraudulently transferring title to Plaintiff's properties.

195.    Defendants knew that the factual representations and inducements made to Plaintiff, and incorporated throughout the closing documents, were false and/or were made with reckless indifference to their truth.

196.    Defendants made the factual misrepresentations and inducements to Plaintiff with the express purpose of furthering their common conspiracy and reaping significant ill-gotten financial gain from the transactions that followed including, but not limited to, the transfer of title to Plaintiff's properties as well as the significant equity in such properties.

197.    In light of the difficult financial situation Mr. Day found himself in at the time he contacted Defendants and his lack of knowledge and sophistication in regards to mortgages, complex real estate transactions, foreclosure and related matters, Plaintiff had the right to reasonably rely upon the representations, inducements and actions of Defendants and, in fact, did so to his detriment.  Such reliance is even more reasonable in light of Defendant, Brian Pettiford's, position with Millennium Bank and the credibility asserted as a result of such position.

198.    As a direct and proximate result of the fraudulent misrepresentations, inducements and actions by Defendants, Plaintiff, Cesar Day, suffered, and will continue to suffer, significant and extensive damages including, but not limited to, the loss of title to his properties, the loss of equity in his properties, the loss of rental income from his properties and ultimately the loss of his right to reside in and control his properties.

199.    As a further direct and proximate result of Defendants' fraudulent

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

misrepresentations, inducements and actions by Defendants, Plaintiff, Cesar Day, suffered, and will continue to suffer, sever emotional pain and suffering and distress.

WHEREFORE, Plaintiff demands judgement against Defendants, DB Capital, Integrity, RTS, Brian Pettiford, David Murrell, Russell Pettiford, Tracy Spain, and Ralph Spain, jointly and severally, as follows:

a.   Compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

b.   Punitive/exemplary damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

c.   Judgment declaring the Deed to the Bowie Property dated April 27, 2007, transferring title from Cesar Day to Ralph Spain, null and void.

d.   Judgment declaring the Deed to the Baltimore Property dated May 16, 2007, transferring title from Cesar Day to Tracey Spain null and void.

e.   Judgement declaring the Deed to the D.C. Property dated May 18, 2007, transferring title from Cesar Day to Brian Pettiford and Russell Pettiford null and void.

f.   Attorney's fees and costs of litigation, interest and any other such further relief as the Court deems appropriate.

## COUNT V

### Unjust Enrichment
**(Defendants, Brian Pettiford, David Murrell, DB Capital, Tracey Spain, Ralph Spain, Sr., Russell Pettiford, RTS, and Integrity)**

Plaintiff hereby adopts and incorporates by reference all of the facts and allegations set

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

forth in paragraphs 1 through 199 above, and further alleges that:

200.   Defendants enjoy a benefit conferred upon them by Cesar Day in the form of real property, record title and/or money belonging to and/or provided by Cesar Day, but misappropriated by the Defendants.

201.   Defendants understood and knew that they were being unjustly enriched at the expense of Cesar Day when they caused title to be transferred to themselves, without any adequate compensation or consideration.

202.   Under the facts as described above, Defendants have knowingly been unjustly enriched by virtue of their fraudulent and illegal actions.

203.   As a direct and proximate result of Defendants' actions, Plaintiff has suffered the injuries described in Counts I - IV above.

WHEREFORE, Plaintiff demands judgement against Defendants, Brian Pettiford, David Murrell, DB Capital, Tracey Spain, Ralph Spain, Russell Pettiford, RTS, and Integrity, jointly and severally, as follows:

a.   Compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

b.   Punitive/exemplary damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

c.   Judgment declaring the Deed to the Bowie Property dated April 27, 2007, transferring title from Cesar Day to Ralph Spain, null and void.

d.   Judgment declaring the Deed to the Baltimore Property dated May 16, 2007, transferring title from Cesar Day to Tracey Spain null and void.

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

e.  Judgement declaring the Deed to the D.C. Property dated May 18, 2007, transferring title from Cesar Day to Brian Pettiford and Russell Pettiford null and void.

f.  Attorney's fees and costs of litigation, interest and any other such further relief as the Court deems appropriate.

## COUNT VI

### Negligence
### (Defendants, Millennium Bank, NA, Millennium Bankshares Corporation, RTS, Wells Fargo, Wachovia, and Integrity)

Plaintiff hereby adopts and incorporates by reference all of the facts and allegations set forth in paragraphs 1 through 203 above, and further alleges that:

204.  Defendant, Integrity, was the entity that brokered the loans utilized by Defendants, Brian Pettiford, Russell Pettiford, Tracey Spain and Ralph Spain, to purchase Plaintiff's properties.

205.  Defendant, Millennium, is responsible for all of the acts and/or omissions of its staff, employees, agents, servants and/or assigns pursuant to the doctrine of respondeat superior, including Defendant, Brian Pettiford.

206.  Defendant, Millennium, was the employer of Defendant, Brian Pettiford, who served as Millennium Bank's Vice President of retail/wholesale lending.  Millennium Bank negligently allowed Brian Pettiford to use his position at that institution to recruit credit investors/straw purchasers and property owners to the Foreclosure Reversal Program. Furthermore, Millennium Bank allowed Brian Pettiford to utilize the offices and equipment of Millennium Bank to meet with credit investors and property owners, sign necessary paperwork

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

and agreements, run credit checks and otherwise conduct the business of DB Capital, which was similar to the business conducted by Millennium.

207.    At all times relevant hereto Defendant, Brian Pettiford, was acting within the scope of his employment with Millennium.

208.    Defendant, Wells Fargo, is responsible for all of the acts and/or omissions of its staff, employees, agents, servants and/or assigns pursuant to the doctrine of respondeat superior, including Defendant, David Murrell.

209.    Defendant, Wachovia, employed Defendant David Murrell, who used his position at that institution to recruit credit investors and/or property owners to participate in the Foreclosure Reversal Program.  Murrell utilized Wachovia to conduct the business of DB Capital including calling participants, such as Plaintiff, to monitor rental payments, sending facsimiles and other electronic data and setting up DB Capital bank accounts into which the illegal proceeds of Defendants' scam would be deposited and distributed from.  Such activities involved, in large part, business transactions that were similar to those conducted by Wachovia.

210.    At all times relevant hereto Defendant, David Murrell, was acting within the scope of his employment with Wachovia.

211.    Defendants, RTS and Integrity, were each privy to, prepared and reviewed, documents pertaining to the loans and settlements/closings for Plaintiff's properties including, but not limited to, the HUD-1 Settlement Statements, Deeds and loan applications.  Such documents identified the credit investors/straw purchasers as the purchasers of the properties involved when, in fact, RTS and Integrity knew, or through the exercise of reasonable diligence, should have known, that the real purchasers in interest were DB Capital and its agents.

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
1301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

212.    RTS and Integrity also knew, or should have known, that the transactions involved little or no consideration, and that the transfers purported to involve the sale of properties in fee simple when indeed title was actually clouded by sale-leaseback provisions which amounted to equitable mortgages.

213.    In light of this information all Defendants knew, or should have known, that this was not an arms-length transaction and that malfeasance and/or violation of law was likely involved.

214.    Such knowledge should have, at a minimum, prompted an inquiry or investigation into the activities being conducted by all Defendants, as well as the actual terms of the transactions, and precluded the settlements/closings from going forward.

215.    Defendants, RTS and Integrity also knew, or should have known, that the Plaintiff would receive little or no consideration for the sale of his properties and that the buyers of such properties (and borrowers on the loans) would be bringing no funds whatsoever to closing.  In this regard Defendants, RTS and Integrity, should have realized that the loan applications, settlement documents, Deeds and other documents used to secure loans and conduct the closings contained fraudulent information.

216.    Defendants owed Cesar Day a duty to:  (i) exercise due diligence to ensure that the transactions being conducted by their servants, agents and/or employees were not illegal, in violation of applicable statutes, or industry standards, or otherwise irregular; (ii) oversee and supervise the transactions at issue to ensure that their agents, servants and/or employees were conducting such transactions in accordance with the requirements of applicable law; (iii) put in place quality assurance procedures to ensure that their agents, servants and/or employees were

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

not engaging in any fraudulent, deceitful or dishonest behavior; (iv) take reasonable steps to ensure that all information contained on the HUD-1 Settlement Statement, and other closing documents, was accurate, honest and forthright; (v) take reasonable steps to ensure that all information contained on other documents involved in the transactions at issue including, but not limited to, loan applications and documents, were accurate, honest and forthright; (vi) ensure that all lender's instructions regarding documentation prior to, during and after the April 27, 2007, May 16, 2007, and May 18, 2007 real estate settlement, were followed; (vii) abide by all relevant federal and state regulations in effect at the time of the transactions at issue in this case; (viii) refrain from conducting settlement/closings or processing loans that contained irregularities or involved malfeasance or violation of law and; (ix) ensure that all proceeds of the sale of the properties due to Cesar Day were properly disbursed to him.

217.    Defendants breached their duty to Plaintiff, Cesar Day, by failing to:  (i) exercise due diligence to ensure that the transactions being conducted by their servants, agents and/or employees were not illegal, in violation of applicable statutes, or industry standards, or otherwise irregular; (ii) oversee and supervise the transactions at issue to ensure that their agents, servants and/or employees were conducting such transactions in accordance with the requirements of applicable law; (iii) put in place quality assurance procedures to ensure that their agents, servants and/or employees were not engaging in any fraudulent, deceitful or dishonest behavior; (iv) take reasonable steps to ensure that all information contained on the HUD-1 Settlement Statement, and other closing documents, was accurate, honest and forthright; (v) take reasonable steps to ensure that all information contained on other documents involved in the transactions at issue including, but not limited to, loan applications and documents, were accurate, honest and

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

forthright; (vi) ensure that all lender's instructions regarding documentation prior to, during and after the April 27, 2007, May 16, 2007, and May 18, 2007 real estate settlement, were followed; (vii) abide by all relevant federal and state regulations in effect at the time of the transactions at issue in this case; (viii) refrain from conducting settlement/closings or processing loans that contained irregularities or involved malfeasance or violation of law and; (ix) ensure that all proceeds of the sale of the properties due to Cesar Day were properly disbursed to him.

218.   As a direct and proximate result of the aforementioned breaches, Cesar Day suffered the injuries described in Counts I - V above.

WHEREFORE, Plaintiff demands judgement against Defendants, Millennium Bank, RTS, Wachovia, Wells Fargo, and Integrity, jointly and severally, as follows:

a.   Compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

b.   Punitive/exemplary damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

c.   Judgment declaring the Deed to the Bowie Property dated April 27, 2007, transferring title from Cesar Day to Ralph Spain, null and void.

d.   Judgment declaring the Deed to the Baltimore Property dated May 16, 2007, transferring title from Cesar Day to Tracey Spain null and void.

e.   Judgement declaring the Deed to the D.C. Property dated May 18, 2007, transferring title from Cesar Day to Brian Pettiford and Russell Pettiford null and void.

f.   Attorney's fees and costs of litigation, interest and any other such further relief as

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

the Court deems appropriate.

## COUNT VII

**Breach of Contract, Rescission, Unconscionability, Failure of Consideration
(Defendants, Brian Pettiford, David Murrell, DB Capital, Russell Pettiford, Tracey Spain,
and Ralph Spain, Sr.)**

Plaintiff hereby adopts and incorporates by reference all of the facts and allegations set forth in paragraphs 1 through 218 above, and further alleges that:

219.    Plaintiff, Cesar Day, originally entered into contracts for the sale of the properties based upon fraudulent representations of material fact.

220.    Defendants breached such contracts in numerous ways including, but not limited to:

- failing to take any reasonable steps to secure financing to allow Plaintiff to repurchase his properties;

- failing to allow Plaintiff to repurchase his properties within one year; and

- knowingly securing, or causing to be secured, large loans on Plaintiffs' properties making it impossible for him to secure affordable financing to repurchase such properties.

221.    Plaintiff, Cesar Day, is entitled to complete rescission of the Deeds dated April 27, 2007, May 16, 2007, and May 18, 2007 transferring title of the properties to Defendants based upon the fraudulent misrepresentations and inducements utilized to procure such Deeds.

222.    Defendants, Brian Pettiford, David Murrell, and DB Capital, were well aware that Plaintiff, Cesar Day, was unsophisticated in matters of mortgages, credit, complex real estate transactions, foreclosures and related matters, was in a difficult financial situation and was at risk

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

54

of losing his properties to foreclosure. As such, he had no meaningful choice in regards to the terms of the contract for the sale of the properties.

223.   Defendants were well aware that Mr. Day was not familiar with the realities of his poor credit score and his inability to sufficiently repair his credit in one years time.

224.   Defendants knew that Mr. Day would not be able to repurchase his property within one year at a low interest with affordable payments based on his inability to acquire a new loan to finance such repurchase and the fact that Defendants had stripped all of the equity from the property.

225.   In light of this gross inequity, the Residential Real Estate Contracts, dated February 26, 2007, were unconscionable and unenforceable.

226.   Defendants, Brian Pettiford, David Murrell and DB Capital, knowingly and unlawfully took possession of the net proceeds of the sale of Plaintiff's properties in the amount of at least $250,000.

227.   In light of this, there was failure of consideration for the transfer of the properties rendering title to such properties in the names of Defendants, Tracey L. Spain, Ralph D. Spain, Brian Pettiford and Russell Pettiford, null and void.

228.   As a direct and proximate result of Defendants' breach of contract, failure of consideration, and unconscionable contract, Plaintiff has suffered the injuries described in Count I - VI above.

WHEREFORE, Plaintiff demands judgement against Defendants, Brian Pettiford, David Murrell, DB Capital, Russell Pettiford, Tracey Spain and Ralph Spain, jointly and severally, as follows:

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
0 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

a.   Compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

b.   Punitive/exemplary damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

c.   Judgment declaring the Deed to the Bowie Property dated April 27, 2007, transferring title from Cesar Day to Ralph Spain, null and void.

d.   Judgment declaring the Deed to the Baltimore Property dated May 16, 2007, transferring title from Cesar Day to Tracey Spain null and void.

e.   Judgement declaring the Deed to the D.C. Property dated May 18, 2007, transferring title from Cesar Day to Brian Pettiford and Russell Pettiford null and void.

f.   Attorney's fees and costs of litigation, interest and any other such further relief as the Court deems appropriate.

**COUNT VIII**

**Declaratory Judgement/Quiet Title Action**
**(Defendants, Brian Pettiford, Russell Pettiford, Tracey L. Spain, Ralph D. Spain, Sr.)**

Plaintiff hereby adopts and incorporates by reference all of the facts and allegations set forth in paragraphs 1 through 228 above, and further alleges that:

229.   This declaratory judgment action is brought for the purpose of determining questions of actual controversy between the parties and terminating uncertainty and controversy giving rise to this proceeding.

230.   Specifically, there exists an actual controversy regarding a justiciable issue

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
1301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

between Plaintiff and Defendants within the jurisdiction of this Court involving whether these Defendants are the legal and/or equitable holders of title to Plaintiff's properties. Plaintiff, Cesar Day, contends that he is entitled to legal and/or equitable title on the basis of lack of adequate consideration, fraud, unconscionablity, rescission and violation of both Maryland and Federal statutes.

231.     Defendants contend that they are the lawful title holders of the properties at issue.

232.     Antagonistic claims are present between the parties which indicates imminent and inevitable litigation.

233.     Plaintiff, Cesar Day, is entitled to a judgment declaring his rights and responsibilities under the contracts between the parties and further settling the legal relations of the parties.

WHEREFORE, Plaintiff, Cesar Day, respectfully requests:

a.     Judgement that none of the Defendants are the lawful title holders to the properties at issue;

b.     Judgement that any Promissory Notes or Deeds of Trusts related to the transfer/sale of Plaintiff's properties to Defendants be declared null and void and of no further force and effect;

c.     Judgement that the Deeds related to the transfer/sale of Plaintiff's properties to Defendants be declared null and void and of no further force and effect;

d.     That the Deeds of Trust liens on Plaintiff's properties be declared null and void and of no further force and effect; and

e.     Judgement vesting title to the properties at issue in the sole name of Cesar Day.

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

57

## COUNT IX

### Punitive Damages
**(Defendants, Brian Pettiford, David Murrell, DB Capital, Tracey L. Spain, Ralph D. Spain, Sr., Russell Pettiford, RTS, Integrity, Millennium Bank, NA, Millennium Bankshares Corporation, Wachovia Bank, NA, and Wells Fargo & Company, NA)**

Plaintiff hereby adopts and incorporates by reference all of the facts and allegations set forth in paragraphs 1 through 233 above, and further alleges that:

234.   Defendants knowingly engages in a purposeful scheme to mislead and fraudulently induce the Plaintiff to transfer title to his properties as well as the significant equity contained in such properties.

235.   At that time, the Defendants made misrepresentations, inducements and actions in furtherance of the scheme knowing that such misrepresentations, inducements and actions were false and intending for Plaintiff to rely upon the same to his detriment.

236.   Defendants engaged in a common fraudulent scheme, made misrepresentations, false inducements and undertook fraudulent actions in furtherance of their scheme to defraud Plaintiff with malicious intent and with the goal of reaping significant and illegal profit from every part of the transaction.

WHEREFORE, Plaintiff demands judgement against Defendants, Brian V. Pettiford, David Alan Murrell, DB Capital Group, LLC, Tracey L. Spain, Ralph D. Spain, Russell Pettiford, Realty Title of Tysons, Inc., Integrity Financial, Inc., Millennium Bank, NA, Millennium Bankshares Corporation, Wachovia Bank, NA, and Wells Fargo & Company, NA, jointly and severally as follows:

a.   Compensatory damages in the amount of ONE MILLION DOLLARS

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
0 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

($1,000,000.00);

b.      Punitive/exemplary damages in the amount of ONE MILLION DOLLARS

($1,000,000.00);

c.      Judgment declaring the Deed to the Bowie Property dated April 27, 2007,

transferring title from Cesar Day to Ralph Spain, null and void.

d.      Judgment declaring the Deed to the Baltimore Property dated May 16, 2007,

transferring title from Cesar Day to Tracey Spain null and void.

e.      Judgement declaring the Deed to the D.C. Property dated May 18, 2007,

transferring title from Cesar Day to Brian Pettiford and Russell Pettiford null and

void.

f.      Attorney's fees and costs of litigation, interest and any other such further relief as

the Court deems appropriate.

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
0 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

Respectfully submitted,

ASHCRAFT & GEREL, LLP

Sidney Schupak, Esq. #SC0467
4900 Seminary Rd, Suite 650
Alexandria, VA 22311
Phone: (703) 931-5500
Fax: (703) 820-0630

Plaintiff requests a trial by jury on all issues.

Sidney Schupak, Esq.