## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| CESAR DAY, | * | |
|     Plaintiff | * | |
| v. | * | Case No. 10-cv-02166 |
| DB CAPITAL GROUP, LLC, *et al.* | * | |
| INTERVENOR:<br>JPMORGAN CHASE BANK,<br> NATIONAL ASSOCIATION<br>7255 Baymeadows Way,<br>Jackssonville, Florida 32256 | *<br><br>*<br><br>* | |
|     Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM IN SUPPORT OF CONSENT MOTION TO INTERVENE

Intervenor JPMorgan Chase Bank ("Chase") by Council, Baradel, Kosmerl & Nolan, P.A., Michael N. Russo, Jr. and Jeffrey A. Barmach, hereby submits this Memorandum in support of its Motion to Intervene, and moves, pursuant to Fed. R. Civ. P. 24, to intervene in the above-entitled action as a Defendant as to Count X of the Complaint.

### INTRODUCTION AND PROCEDURAL HISTORY

On May 14, 2010, Plaintiff Cesar Day ("Day") filed a Complaint in the Superior Court for the District of Columbia. On June 21, 2010, Defendants Tracey L. Spain and Ralph D. Spain, Sr. filed a

notice of removal to the U.S. District Court for the District of Columbia. The case was subsequently transferred to this Court on August 9, 2010.

Day alleges in an eleven count Complaint that he was the victim of a foreclosure rescue scam that resulted in him losing title to a number of properties, including 1729 29th Street, S.E., Washington, DC 20020 ("Subject Property"). In Count X, Day seeks to set aside the transfer of the Subject Property from him to Defendants Brian and Russell Pettiford ("Pettifords"). In addition, Day seeks to void any Deeds of Trust on the Subject Property that are related to the sale of the Subject Property to the Pettifords.

On July 22, 2005, Day obtained a refinance loan from Interbay Funding, LLC in the amount of $195,000.00. Day subsequently transferred title to the Subject Property to Pettifords by Deed dated May 17, 2007 and recorded with the Recorder of Deeds for the District of Columbia on May 24, 2007 as Instrument Number 20070263-1. *See* Deed, attached hereto as Exhibit 1. First Magnus Financial Corporation loaned money to the Pettifords to finance this purchase and in turn, the Pettifords entered into a Purchase Money Deed of Trust with First Magnus in the amount of $351,000.00. See Deed of Trust, attached hereto as Exhibit 2. At the time of the closing, First Magnus paid off the existing Interbay Funding, LLC lien against the Subject Property in the amount of $216,311.97. The First Magnus Deed of Trust was subsequently assigned to Chase. The Pettifords subsequently defaulted on the purchase money loan.

Chase believes and therefore contends that at the time of First Magnus's loan to the Pettifords, they held fee simple title to the subject property and that they conveyed a bona fide interest in that title to First Magnus. Chase also believes and therefore contends that even if the Pettifords did not hold fee simple title, First Magnus acquired a bona fide interest in the Subject Property, without any notice of the

claims or interests as asserted by Day in the Amended Complaint filed in this action. JPMorgan Chase Bank subsequently acquired a bona fide interest in the Subject Property from First Magnus, again without any notice of the claims or interests as asserted by Day.

## ARGUMENT

Fed. R. Civ. P. 24(a) provides, in relevant part, as follows:

> On timely motion, the court must permit anyone to intervene who:
> … (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Further, Fed. R. Civ. P. 24(b) provides, in relevant part, as follows:

> On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Day's quiet title action seeks to adjudicate the validity of Pettifords' interest in the Subject Property and thereby determine Chase's interest acquired from First Magnus in the Subject Property. This Court's adjudication of the questions raised by Day as to the status of the Pettifords' title to the Subject Property serves as a cloud against Chase's interest in the subject property.

Without the participation of Chase, its interests will not be protected. Further, any order of this Court may have the practical effect of impairing Chase's Deed of Trust, or impeding Chase from protecting its interests. It is in the interests of judicial economy and of all concerned that intervention be granted. Intervention does not prejudice any party. The Motion is timely, for this Court has not yet issued a Scheduling Order and the parties have not engaged in discovery. In addition, Day consents to the intervention by Chase in this case. Chase appends hereto as Exhibit 3, its Answer and Counterclaim,

which Chase would file in response to the First Amended Complaint, should the Court permit intervention.

## CONCLUSION

WHEREFORE, for the reasons set forth above, JPMorgan Chase Bank respectfully requests that this Court enter an Order granting its intervention as Defendant in the above-entitled; require that the Court docket the Answer with Counterclaim appended to the motion as an answer in the above-entitled action; and that JPMorgan Chase Bank henceforth proceed as a Defendant in the above-entitled action and provide any further relief as it may be appropriate.

                                      COUNCIL, BARADEL,
                                      KOSMERL & NOLAN, P.A.

By:    */s/ Michael N. Russo, Jr.*
        Michael N. Russo, Jr.  #07322
        Jeffrey A. Barmach #27614
        125 West Street, 4th Floor
        Post Office Box 2289
        Annapolis, Maryland 21404-2289

        Annapolis:  (410) 268-6600
        Baltimore:  (410) 269-6190
        Washington: (301) 261-2247

        *Attorneys for JPMorgan Chase Bank*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of September 2010, a true copy of the foregoing paper was served, via e-service or first class mail, postage prepaid, on the following:

Sidney Schupak
Ashcraft & Gerel, LLP
4900 Seminary Road
Suite 650
Alexandria, VA 22311

Stephen Shechtel
17 West Jefferson Street
Suite 205
Rockville, MD 20850-4214

Craig J. Franco
Odin, Feldman & Pittleman, P.C.
9302 Lee Highway
Suite 1100
Fairfax, VA 22031

F. Douglas Ross
Odin, Feldman & Pittleman, P.C.
9302 Lee Highway
Suite 1100
Fairfax, VA 22031

Jennifer L. Sarvadi
Leclair Ryan, A Professional Corporation
2318 Mill Road
Suite 1100
Alexandria, VA 22314

Virginia W. Barnhart
Treanor Pope & Hughes
29 West Susquehanna Avenue
Suite 110
Towson, MD 21204

John H. West, III
West & Costello, LLC
409 Washington Avenue

Suite 1010
Baltimore, MD 21204
Joseph B. Espo
Brown, Goldstein & Levy, LLP
120 East Baltimore Street
Suite 1700
Baltimore, MD 21202-6701

/*s/ Michael N. Russo, Jr.*____
Michael N. Russo, Jr.